UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANCISCO DELAO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-746-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Francisco Delao, a prisoner without a lawyer, filed an amended habeas corpus petition challenging a disciplinary hearing (ISP 16-06-379) where a Disciplinary Hearing Officer (DHO) found him guilty of assault with a deadly weapon in violation of Indiana Department of Correction (IDOC) Policy A-102 on July 1, 2016. ECF 4 at 1. As a result, he was sanctioned with the loss of 60 days earned credit time and demoted one credit class. *Id*. The Warden has filed the administrative record. Delao has not filed a traverse and the time to do so has passed. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his amended petition, Delao presents four grounds which he claims entitles him to habeas corpus relief.

As a threshold matter, the DHO had sufficient evidence to find Delao guilty. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

Here, Delao was found guilty of violating IDOC offense A-102 which prohibits inmates from "[c]ommitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/ 02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Delao as follows:

On 6-27-2016 at approximately 3:31 pm a 10-10 was called on the PDR walk. Offender Delao # 208090 from B338 had in his possession a home made weapon that he used to stab offender Lunsford # 896066 who lives in B 102, while offender Garza # 133765 held offender Lunsford down. The Weapon was confiscated and turned in to IA. Offender Delao was placed in SMC2.

ECF 11-1 at 1.

Captain Adam Bootz prepared a Shift Report of Incident that states:

On 6-27-16, a 10-10 was called at 1531 by Tower 6, Offenders Delao, Francisco #208090 Garza, Jesus #133765 and Lunsford, Ronald #896066 were fighting in the PDR walk. First responders arrived and witnessed offender Delao, Francisco #208090 with a weapon swinging at offender Lunsford, Ronald #896066. All offenders were ordered on the ground, and complied. They were cuffed escorted to custody hall, strip searched and suicide screened. The signal was cleared at 1537. Delao #208090 moved to SMC2. Garza #133765 moved to IDU W203. Lunsford #896066 kept in holding cell as MSU overnight, IDU E234 being held for him.

ECF 11-5 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Delao guilty of violating offense A-102. A conduct report alone can

3

be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In this case, the reporting officer, detailed the fact that when he arrived on the PDR walk at about 3:31 p.m. on June 27, 2016, Delao had a homemade weapon in his possession which he had used to stab offender Lunsford. ECF 11-1 at 1. The reporting officer explained Delao assaulted offender Lunsford while offender Garza held down Lunsford. *Id*. In addition to the conduct report, the record contains witness statements from prison officers who observed Delao and Garza assaulting Lunsford or were called to assist with the aftermath of the assault. ECF 11-6 at 1, 11-7 at 1, 11-8 at 1, 11-9 at 1, 11-10 at 1. Photograph evidence documented the homemade weapon and Lunsford's injuries resulting from the assault. ECF 11-11 at 1, ECF 11-12 at 1. Medical records detailed the extent of Lunsford's injuries and treatment needed for the injuries. ECF 13 at 1-2. In light of the conduct report describing Delao's attack on Lunsford, numerous witness statements, photographic evidence, and medical documentation, there was more than "some evidence" for the DHO to conclude Delao was guilty of assault with a deadly weapon. Therefore, because the DHO's finding was neither arbitrary or unreasonable in light of the facts presented in this case, the DHO had sufficient evidence to find Delao guilty of assault with a deadly weapon.

Nevertheless, in the first ground of his amended petition, Delao argues his due process rights were violated because he was improperly denied a translator. ECF 4 at 2. In support of his proposition, he states: "I do not speak, read, or write [E]nglish well enough to defend myself. I understand only Spanish. I asked for help but the

4

hearing/screening officer didn't speak Spanish. No help was provided." *Id*. Here, the requisite inquiry for the court is whether the denial of a translator violated Delao's due process rights. *Desantiago v. Superintendent*, No. 3:08-CV-203, 2008 WL 4833293, at *3 (N.D. Ind. Nov. 6, 2008). In other words, "[j]ust as due process may demand that the prison provide a lay advocate to assist some prisoners during disciplinary proceedings, interpreters may be required for some non-native English speaking prisoners." *Id*.

In this case, there is no record of Delao requesting the assistance of a translator at any stage of the proceedings. At the initial stage, the screening officer confirmed that Delao understood English and did not request a translator. ECF 11-17 at 1. In fact, the screening report documented that Delao understood his due process rights because he requested a copy of the video evidence and "anything that they have" for evidence. ECF 11-2 at 1. Delao was also appointed a lay advocate, however, he never asked the lay advocate for assistance in finding a translator. ECF 11-3 at 1. Furthermore, there was no indication at the disciplinary hearing that he did not understand the hearing or that he required a translator for the hearing. ECF 11-13 at 1. A notation on the report of disciplinary hearing shows he understood the charge against him and his right to present a defense because he indicated he "will plead guilty to fighting, but he never had a weapon." *Id*.

Delao's ability to understand and speak English is further documented by the sworn declaration of Jacqueline Mayes, a Correctional Caseworker, who has been

Delao's caseworker since December 2017.[1] ECF 19-1. In her declaration, Mayes testified that, based on her personal interactions and conversations with Delao, she has personal knowledge he both understands and speaks English. ECF 19-1 at 1-2. She also referenced the fact that she has spoken to Delao many times and those conversations have always been in English. *Id*. at 2. Based on the record evidence, the court finds Delao's claim that he only understood Spanish has no support as he competently litigated this case in English. Therefore, Delao's first ground does not identify a basis for granting habeas corpus relief.

In grounds two and three, Delao argues there were a number of violations of IDOC policies which entitle him to habeas corpus relief. ECF 4 at 2. First, Delao states it was improper for the DHO to consider witnesses statements because the reporting officer failed to list any witnesses on the conduct report as required by IDOC policy. *Id*. Second, he claims the reporting officer failed to document the weapon's chain of custody in the disposition of evidence section of the conduct report, which is also required by IDOC policy. *Id*. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did

---

[1] On February 26, 2018, the court ordered the Warden to file additional evidence regarding Delao's language abilities. ECF 18.

not follow internal policies had "no bearing on his right to due process"). Therefore, Delao's claims regarding violations of IDOC policy can not be remedied in a habeas corpus petition.

In the fourth ground of his amended petition, Delao argues it was improper for the DHO to order him to pay $7,909.38 in restitution. ECF 4 at 3. Delao claims inmates at the Indiana State Prison are covered by medical insurance and are only responsible for co-payments or deductibles for medical services. *Id*. Delao thus asserts it would be "double dipping" if he were required to pay $7,909.38 in medical costs because these costs are covered by medical insurance and the prison does not pay "out-of-pocket" for these expenses. *Id*. However, because the restitution order imposed by the DHO did not lengthen the duration of Delao's confinement, he cannot challenge it in a habeas corpus proceeding. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000); *See also Hah Qawi v. Martin*, No. 3:07-CV-0057, 2007 WL 1119298, at *1 (N.D. Ind. April 12, 2007) (recognizing that restitution is not actionable under 28 U.S.C. § 2254). Therefore, this fourth ground does not identify a basis for habeas corpus relief.

If Delao wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Francisco Delao's amended petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on October 15, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT